# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

| | | |
|---|---|---|
| **BEHAR FINANCIAL  LLC** | ) | |
| **Plaintiff** | ) | |
| **v** | ) | **Civil Action No. 4:26-cv-01772** |
| | ) | |
| **ENCARTE INC. dba** | ) | |
| **CANOPY** | ) | |
| **Defendant** | ) | |

## DEFENDANT ENCARTE, INC. D/B/A CANOPY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Encarte, Inc. d/b/a Canopy ("Canopy") files this Original Answer to Plaintiff's

Original Complaint and would respectfully show the Court as follows:

## I. GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Canopy generally denies each and every

allegation contained in Plaintiff's Original Complaint and demands strict proof thereof.

## II. RESPONSES TO ALLEGATIONS

1. Canopy admits only that Plaintiff purports to bring this action seeking relief in excess of

   $75,000 and that the Complaint references diversity jurisdiction and venue allegations.

   Canopy denies all remaining allegations contained in the jurisdiction and venue section to

the extent such allegations contain legal conclusions or characterizations requiring no response.

2. Canopy denies the allegations in the factual background section to the extent they assert or imply that Canopy was the issuer, seller, promoter, investment adviser, broker-dealer, custodian, trustee, fund manager, managing member, guarantor, or otherwise owed fiduciary or disclosure duties to Plaintiff arising from the alleged investment transaction.

3. Canopy denies that it owed Plaintiff any fiduciary duty, denies that any formal or informal fiduciary relationship existed between Canopy and Plaintiff, and denies that it acted as trustee of Plaintiff's funds.

4. Canopy denies that it made any actionable misrepresentation or omission to Plaintiff, denies that it committed fraud or fraud by omission, and denies that any alleged omission satisfies the requirements of particularity, scienter, reliance, or causation required by applicable law.

5. Canopy denies liability under the Texas Securities Act, including any theory of seller liability, control-person liability, or aider liability, and denies that Plaintiff is entitled to rescission, damages, or any statutory recovery.

6. Canopy denies that it was negligent or grossly negligent, denies that it owed Plaintiff any duty cognizable in tort under Texas law, and denies that Plaintiff suffered damages proximately caused by any act or omission of Canopy.

7. Canopy denies that Plaintiff is entitled to any injunction, accounting, monetary damages, attorneys' fees, exemplary damages, or any other relief requested.

## III. AFFIRMATIVE DEFENSES

2

Without assuming any burden not otherwise imposed by law, and reserving the right to amend or supplement these defenses as discovery proceeds, Canopy asserts the following affirmative defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff lacks standing and/or is not the real party in interest to the extent Plaintiff cannot establish a legally protected interest or recoverable damages.

3. Plaintiff cannot identify a valid and enforceable contract between Plaintiff and Canopy imposing the duties alleged in the Complaint, nor can Plaintiff identify any contractual provision breached by Canopy.

4. No formal or informal fiduciary relationship existed between Plaintiff and Canopy as a matter of Texas law, and Plaintiff's allegations are insufficient to impose fiduciary duties.

5. Any fraud-based claim is barred, in whole or in part, by Plaintiff's failure to plead fraud with particularity and failure to adequately plead duty to disclose, scienter, reliance, and causation.

6. To the extent Plaintiff seeks purely economic losses arising from an alleged contractual or investment transaction, recovery in tort is barred by the economic loss rule.

7. Any alleged damages were caused in whole or in part by the acts or omissions of Plaintiff and/or third parties over whom Canopy had no control, and any recovery must be reduced accordingly under applicable law.

8. Any alleged losses were caused by intervening and superseding acts of third parties, including promoters and/or fund-related entities referenced in the Complaint.

9. Plaintiff failed to mitigate its alleged damages, if any.

3

10. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or in pari delicto to the extent supported by discovery and the evidence.

11. Canopy reserves the right to assert additional defenses as they become known through discovery and further investigation.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Encarte, Inc. d/b/a Canopy respectfully requests that Plaintiff take nothing by this action, that Plaintiff's claims be dismissed with prejudice, that Canopy recover its taxable costs, and that the Court grant Canopy such other and further relief to which it may be justly entitled.

## V. JURY DEMAND

To the extent necessary, Canopy demands a trial by jury on all issues so triable.

Respectfully submitted,

**ANDREW DUNLAP PLLC**
6565 N. MacArthur Blvd., Suite 140
Irving, Texas 75039
Telephone: (972) 807-6357
Email: andrew@dunlapattorneys.com

/S/ Andrew Dunlap
Lead Counsel
Texas Bar no. 06231700
Attorney for Defendant
Encarte, Inc. d/b/a Canopy

# CERTIFICATE OF SERVICE

I certify that on May 27th , 2026, a true and correct copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas through the Court's CM/ECF system_

/s/Andrew Dunlap